# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-21682-BLOOM

JACQUES RICARDO HYACINTHE,

      Plaintiff,

v.

KEVIN MCALEENAN, in his capacity as
Acting Secretary of Homeland Security, et al.

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Petitioner Jacques Ricardo Hyacinthe's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. [1] (the "Petition"). Through this action, Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE") as well as the execution of an expedited removal order against Petitioner. *Id.* ¶¶ 1, 4. The Court has carefully reviewed the Petition, all supporting and opposing filings, the record, and the applicable law. For the foregoing reasons, the Petition is dismissed without prejudice.

### I.      BACKGROUND

Petitioner alleges that he is a Haitian national who entered the United States in August of 2014. *Id.* ¶ 24. Upon entry to the United States, Petitioner did not possess any documents that would have permitted him to validly enter the United States. *Id.* ¶ 24. According to the Petition, he was interviewed by a border patrol agent who ordered that Petitioner be removed pursuant to § 235(b)(1) of the Immigration and Nationality Act ("INA"). *Id.* ¶ 25. Subsequent to the order of expedited removal being issued and served upon Petitioner, he was paroled into the United States on August 12, 2014, for a period of two years pursuant to INA § 212(d)(5).

Approximately five years later, Petitioner was detained by ICE officials. *Id.* ¶ 2. The detainment was premised upon the existence of the expedited removal order entered in 2014. *Id.* ¶ 3. As of the date the Petition was filed, April 30, 2019, the Petitioner was in the physical custody of ICE at the Krome Service Processing Center at 18201 SW 12th Street, Miami, Florida 33194. *Id.* ¶ 6. According to the Petitioner, the Government intended to remove Petitioner from the United States on May 2, 2019. *Id.* at 2.

The Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction on May 1, 2019. ECF No. [7] ("Emergency Motion"). The Petition and the Emergency Motion allege that Respondents' attempts to execute the five-year-old expedited removal order violates the INA and the Administrative Procedure Act and that Petitioner's detention violates his due process rights under the Fifth Amendment to the Constitution. The Court thereafter ordered Respondents to file their response to the Petition and Emergency. ECF No. [8]. Respondents filed a response stating that a further review of the matter was required, and no action would be taken to effect Petitioner's removal before May 20, 2019. ECF No. [14]. The Court issued an order to show cause why the Court should not grant the Petition and required Respondents to respond to the Emergency Motion. ECF No. [15]. Respondents then filed a supplemental response informing the Court that on May 3, 2019, Petitioner was released from ICE custody under an order of supervision.  ECF No. [16] at 1; *see* ECF No. [16-1] (the Order of Supervision").

Respondents now argue that Petitioner's claims are moot because the Court can no longer grant Petitioner the relief he seeks on account of his release from ICE custody. Petitioner responds that the Petition is not moot for three reasons. First, Petitioner contends he remains "in custody" for purposes of the habeas corpus statute because he is subject to a final order of removal. Second,

Petition argues that he continues to suffer collateral consequences sufficient to satisfy the injury-in-fact requirement of Article III. Third, Petitioner contends his claims are not moot because he was placed under the Order of Supervision upon his release.

## II.   DISCUSSION

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  Petitioner has clearly met the "in custody" requirement in that he was confined when he filed his Petition.  However, this Court has no continuing jurisdiction in this case.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to "'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).  In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The

doctrine of mootness derives "directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Soliman*, 296 F.3d at 1242. Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the moving party meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional. Since a habeas petition under § 2241 challenges immigration officials' authority to keep an individual "in custody," the petitioner's release moots a habeas petition. *See generally Lane v. Williams*, 455 U.S. 624, 632 (1982).

### a. "In custody"

Generally, where an alien is released from ICE custody pending removal from the United States, his petition for habeas relief is moot. *See generally He v. Gonzales*, No. 05-1912, 2006 WL 1687796, *1 (W.D. La. May 1, 2006); *Revan v. Mukasey*, No. 08–20289-CIV, 2008 WL 3992291, *2 (S.D. Fla. Aug. 17, 2008); *Ismaila v. Dep't of Homeland Sec.*, No. No. CA 09–0184–KD–C, 2009 WL 1635781, *1 (S.D. Ala. June 9, 2009); *Abdalla v. Ashcroft*, No. No. 03-CV-0602E(F), 2004 WL 2315089, *2 (W.D. N.Y. Oct. 14, 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution.").

Here, Petitioner does not dispute that he was released from ICE custody. Nevertheless, Petitioner argues that he is "in custody" for the purposes of § 2241 because he is subject to a final order of removal. Petitioner relies on cases from other circuits for the proposition that an individual subject to a final order of removal is considered to be "in custody" for purposed of the habeas corpus statute. *See* ECF No. [19] at 3 (citing *Simmonds v. INS*, 326 F.3d 351, 354 (2nd Cir. 2003);

*Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001); *Rosales v. ICE*, 426 F.3d 733, 734-36 (5th Cir. 2005). The Eleventh Circuit Court of Appeals has not resolved this issue but has suggested "that the mere possibility of future deportation is insufficient to establish custody, even when the petitioner is subject to a deportation order." *Arnold v. U.S. Atty. Gen.*, 422 F. App'x 793, 795 (11th Cir. 2011); *see also Hernandez v. Immigration & Customs Enf't*, No. 2:13-CV-807-FTM-38, 2014 WL 4145530, at *2 (M.D. Fla. Aug. 20, 2014) ("The Eleventh Circuit has not expressly determined whether the placement of a detainer *coupled* with the existence of a removal order constitutes ICE 'custody' for habeas purposes."). However, the existence of the removal order alone does not render Petitioner "in custody" for purposes of § 2241.

### b.  Collateral consequences

The Court is also unpersuaded by Petitioner's argument that the Court retains jurisdiction because Petitioner continues to suffer collateral consequences related to the removal order. A habeas petition continues to present a live controversy after the petitioner's release when there is some remaining "collateral consequence" that may be redressed by success on the petition. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). The Eleventh Circuit recently addressed this issue in *Garcia v. Warden, Stewart Det. Ctr.*, No. 18-13513, 2019 WL 2157364 (11th Cir. May 17, 2019). In *Garcia*, an expedited removal order was issued as to the petitioner when he attempted to enter the United States unlawfully in 2000. *Id.* at *1. He was removed to Mexico that same day. *Id.* Petitioner later reentered the United States and was subsequently arrested for driving while intoxicated in 2017. *Id.* Upon his release, ICE took Petitioner into custody and detained him. *Id.* While in custody, he filed a § 2241 petition. *Id.* Just

days after he filed his habeas petition, ICE removed him pursuant to an order reinstating his 2000 order of removal. *Id.* The district court dismissed the petitioner's claims related to his detention as moot. *Id.* On appeal, the petitioner argued that the collateral consequences he faces as a result of his removal, namely, a 20-year bar on reentry and possible future criminal prosecution should he return again, means that there is still a live controversy. *Id.* The Eleventh Circuit found that the purported collateral consequences were not consequences of petitioner's detention and therefore do not keep the controversy live. *Id.* The 20-year ban is a consequence of removal and the future criminal prosecution would be a consequence of petitioner violating the law. *Id.* The Eleventh Circuit affirmed the dismissal of the petition for lack of jurisdiction. *Id.* at *2.

Like in *Garcia*, the collateral consequences identified by Petitioner are not the result of his detention. Petitioner specifically enumerates the collateral consequences as losing his employment, being separated from his family, and being inadmissible to the United States for at least five years. As Petitioner states in his own brief, these consequences would arise "if he were removed pursuant to …. [the] expedited removal order." ECF No. [19] at 3. Because the identified collateral consequences are not the result of his detention, Petitioner's claims are moot to the extent they are based upon his detention. Petitioner's claims are also predicated on the allegedly unlawful execution of the removal order. Based on the record before the Court, the possibility that Petitioner will be taken back into ICE custody and then deported is too speculative to constitute an injury within the meaning of Article III. For those reasons, the collateral consequences identified by Petitioner do not present a live controversy for this Court to retain jurisdiction.

### c.    Order of Supervision

Finally, that Petitioner was released from ICE custody and placed under the Order of Supervision does not allow the Court to maintain jurisdiction over his habeas petition because

Petitioner does not challenge the constitutionality of the terms of the Order of Supervision. In *Alvarez v. Holder*, 454 F. App'x 769 (11th Cir. 2011), the Eleventh Circuit held that an order of supervision amounted to a collateral consequence of a petitioner's release where the petitioner challenged the constitutionality of the conditions of the order of supervision. There, the petitioner was a native citizen of Cuba who had been living in the United States for decades. *Id.* at 771. A final order of removal was issued as to the petitioner on the basis of several criminal convictions. *Id.* After being held by ICE for over six months, he filed a § 2241 petition asserting that his detention was not longer presumptively reasonable. *Id.* Petitioner was released from ICE custody under an order of supervision five days before the hearing date on his petition. *Id.* at 772. Respondents filed a motion to dismiss arguing that the petition was moot because the petitioner had been released. *Id.* The petitioner filed a response challenging certain conditions of his release. *Id.* The district court granted the petition and struck several conditions of release on the basis that the conditions constituted unconstitutional "constructive detention." *Id.* The Eleventh Circuit affirmed in part, holding that the order of supervision amounted to a collateral consequence of petitioner's release that was not moot. *Id.* at 772-73.

In contrast to *Alvarez*, here, Petitioner does not challenge the terms of the Order of Supervision. As such, there is no relief that the Court could award relating to the terms of the Order of Supervision even if it were inclined to do so. For that reason, that Petitioner was released under an Order of Supervision does not, in and of itself, present a continuing controversy.[1] *See Ibarra v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-167-CDL-MSH, 2019 WL 2271771, at *1 (M.D. Ga. Mar. 27, 2019) ("Petitioner has been released from the physical custody of ICE… [and] Petitioner

---

[1] Petitioner does not allege any other exceptions to the mootness doctrine so as to require the Court to undertake review of those exceptions.

is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition."), *report and recommendation adopted*, No. 4:18-CV-167 (CDL), 2019 WL 2271749 (M.D. Ga. Apr. 23, 2019); *Gittens v. Holder*, No. 4:12-CV-173-CDL, 2013 WL 3965462, at *3 (M.D. Ga. Aug. 1, 2013) (same).

For the foregoing reasons, this action thus no longer presents a justiciable case or controversy within the meaning of Article III. As such, the Petition must be dismissed as moot.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, **ECF No. [1], is DISMISSED AS MOOT** without prejudice to Petitioner's right to file a future petition if circumstances change. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record